PEOPLE *v.* EGGLESTON.

1. CRIMINAL LAW—PEREMPTORY CHALLENGES—TRIAL—JURY.

In criminal proceedings a respondent is entitled to peremptory challenges without assigning any reason for his action.

2. SAME—BURGLARY—INTENT—INTOXICATION.

If a person charged with burglary was so affected by the use of intoxicating liquors that at the time of committing the act he was unconscious of what he was doing, he did not have sufficient capacity to entertain a criminal intent, but if he knew why he was doing the act the jury might infer the intent as if he was sober. It was erroneous for the trial court to instruct the jury that the law holds the accused responsible because he should not have gotten intoxicated but should have restrained himself from indulging in such drugs or liquors.

3. SAME—CHARGE.

No error was committed on the trial of a prosecution for burglary in charging that if the respondent broke and entered a dwelling house in the manner described by the

only witnesses who gave evidence touching upon the commission of the offense, he should be convicted.

4. SAME—INSANITY.

The defense of insanity, as soon as evidence is introduced tending to show such condition of mind, does not require the respondent to establish his unsound condition of mind by a preponderance of the evidence; the burden of proof rests with the people to convince the jury beyond a reasonable doubt that he was sane when he committed the offense.[1]

5. SAME—EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.

Where respondent claimed that he had a joint interest in the house and premises which he was charged with entering unlawfully, the trial court should have instructed the jury, as requested by the accused, that if he thought this ownership or interest gave him a right to enter the house, he would not be guilty of a felonious intent.

Error to Barry; Smith, J. Submitted April 22, 1915. (Docket No. 54.) Decided June 7, 1915.

Frank Eggleston was convicted of burglary. Reversed.

*Thomas Sullivan,* Prosecuting Attorney, for the people.

*Lee H. Pryor (W. W. Potter,* of counsel), for respondent.

BROOKE, C. J. Respondent stands convicted of the crime of burglary. The first four assignments of error discussed in the brief of counsel for respondent relate to incidents occurring during the empaneling of the jury. At that stage of the proceedings the learned circuit judge seems to have become somewhat impatient at the course taken by respondent's counsel in peremptorily challenging certain jurors. While we might hesitate to reverse the case on account of what

[1] As to presumption of sanity and burden of proof, see note in 36 L. R. A. 721, 726.

happened in this connection, inasmuch as it must go down for a new trial for other reasons, it is perhaps proper to say that the statute securing to parties the right of peremptory challenge imposes upon counsel who exercise that right no obligation to assign any reason for its exercise. It is claimed by counsel for respondent that the language used by the learned circuit judge in this connection was such as to indicate his bias in the premises, and in effect resulted in the denial to the respondent of a fair and impartial trial, under the authority of *Wheeler* v. *Wallace,* 53 Mich. 355 (19 N. W. 33), and *People* v. *Leonzo,* 181 Mich. 41 (147 N. W. 543). This contention may for the reason stated, be passed without determination.

Upon the trial evidence was introduced on behalf of respondent tending to indicate that, if an offense had been committed by him, it was so committed while he was under the influence of liquors or drugs, and insane to such an extent that he was unable to form a criminal intent. Upon this point the learned circuit judge charged the jury as follows:

"We frequently meet men in courts of justice who claim that they committed crime because they were drunk. The law holds them responsible, because they should not have gotten drunk; they should not have formed the habit, so the law requires of a man that he will curb his passions and restrain himself, and, if he does not do it, holds him accountable, unless it is by reason of disease which renders him unable to do it, or, in other words, distracts his mind or his powers, so that he has no control of himself."

The true rule was announced in the case of *Roberts* v. *People,* 19 Mich. 401, where it is said:

"If his mental faculties were so far overcome by the intoxication that he was not conscious of what he was doing, or if he knew what he was doing, but did not know why he was doing it, or that his acts and

the means he was using were naturally adapted to produce death; then he had not the capacity to entertain the intent, and in such case the intent could not be inferred from his acts. But if he knew what he was doing, why he was doing it, and that his act, with the means he was using, were likely to kill, then he is responsible for the intent as well as the acts, to the same extent, and the jury may infer the intent from his acts in the same manner as if he were sober."

This rule was followed in *People* v. *Walker,* 38 Mich. 156, and was again emphasized in *People* v. *Kirk,* 151 Mich. 253 (114 N. W. 1023), where the court said:

"It is conceded that the rule of *Roberts* v. *People,* 19 Mich. 401, is the law of this State."

Again, in the case of *People* v. *Peterson,* 166 Mich. 10 (131 N. W. 153), we said:

"If the respondent was so intoxicated that he was incapable of forming or entertaining an intent, it is difficult to see how he could be guilty of intentionally aiming the revolver toward the persons named."

See, also, 12 Cyc. p. 170, and note 36 L. R. A. 465.

Error is assigned upon the charge of the court to the effect that, if the jury found that the defendant broke and entered the dwelling house "in the manner described by Mary Eggleston and Harriet E. Hunt," then, practically, that he should be convicted. We are unable to determine from the condition of the record whether the charge about which complaint is made is or is not erroneous. The record does not contain the evidence. While we have said that it is improper for the court, in charging the jury, to select and particularly emphasize the evidence of a certain witness or witnesses, thus giving to such evidence undue prominence, it would certainly not be improper to charge as was done in the case at bar, if, as claimed by counsel for the people, the two witnesses named

were the only ones who gave evidence of the commission of the offense charged.

Touching the defense of insanity, the court charged:

"I instruct you further, gentlemen, that the defense of insanity, if made out, relieves the defendant of criminal responsibility; but such a defense must be established by a preponderance of proof."

We are of opinion that this instruction was clearly erroneous. While it is true that at the outset there is a presumption of sanity, as soon as evidence is introduced on behalf of respondent tending to overthrow that presumption, the burden of proof rests with the people to convince the jury beyond reasonable doubt of the respondent's sanity, that being one of the necessary conditions upon which guilt may be predicated. *People* v. *Garbutt*, 17 Mich. 9 (97 Am. Dec. 162). See, also, *People* v. *Finley*, 38 Mich. 482, where a charge instructing the jury that, after the introduction of evidence tending to show that the respondent was insane, it became the duty of the prosecution "to prove the sanity of the defendant by at least a fair preponderance of the evidence." It was approved upon the theory that, if the testimony introduced on behalf of respondent had been overcome in the minds of the jury by adequate proof, it would be difficult to conceive how they could further regard it, or how they could entertain a reasonable doubt, if convinced of the falsity of the only ground on which the defense rested.

In other portions of the charge the learned trial judge laid down the proper rule with reference to the burden resting upon the people to prove all the necessary elements of the crime, including the sanity of the respondent beyond a reasonable doubt. We have said, however, that where conflicting instructions are given, one erroneous and the other without error, it

may be presumed that the jury followed that instruction which was erroneous.

Respondent's seventh request to charge was as follows:

"I charge you that the respondent had a joint deed of the place in which Mrs. Eggleston lived, and that, if he thought that this ownership gave him a right to enter the house if he desired, then he would not be guilty of making a felonious breaking and entering, and your verdict should be not guilty."

Again referring to the condition of the record, which does not contain the evidence, we are unable to say whether the refusal of this request by the court was erroneous. If the evidence disclosed the fact that the respondent did in fact have a joint deed of the place into which he was charged with having feloniously broken and entered, and if by reason of the condition of the title to said property the respondent honestly believed that he had a right to enter, it is difficult to see how he could have entertained criminal intent, which is a necessary element of the crime charged.

For the errors pointed out, the judgment will be reversed, and a new trial ordered.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.