FITTANTE *v.* SCHULTZ

1. EQUITY—CONTEMPT—LACK OF CAPACITY.

Holding a defendant in contempt for failing to do that which is not within his capacity to accomplish would serve no useful purpose; therefore it was not error for a court to refuse to hold defendant in contempt for failure to carry out the terms of a consent decree requiring him to construct and maintain a retaining wall where the evidence showed that the only wall that would achieve the desired result would cost $6,000, and defendant was unemployed, on relief, and partially crippled.

2. CONTEMPT—EQUITY—COURTS.

The contempt power enables a court to punish for disobedience of, and to exact compliance with, its order.

3. CONTEMPT—PUNISHMENT.

Punishment of a defendant for failing to carry out a consent decree requiring him to build a retaining wall in a workmanlike manner because the wall was not constructed in a workmanlike manner is unwarranted where there is no showing that defendant acted in bad faith.

4. CONTEMPT—EQUITY—COERCION.

Holding a defendant in contempt of court to compel him to comply with the terms of a consent decree requiring the building of a retaining wall would serve no useful purpose where, because of his poverty, there is no reason to expect that compliance with the order could be obtained by jailing him.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 17 Am Jur 2d, Contempt § 51.
  Contempt for disobedience of mandamus.  30 ALR 148.
[2] 17 Am Jur 2d, Contempt § 2.
[5] 27 Am Jur 2d, Equity § 102 *et seq.*

5. Equity—Contempt—Other Relief.

> Affirmance of a trial court's dismissal of motion to hold defendant in contempt for failure to comply with provisions of a consent decree does not prevent plaintiff from seeking other relief in the trial court.

Appeal from Iron, Ernest W. Brown, J. Submitted Division 3 October 6, 1969, at Marquette. (Docket No. 4,717.)   Decided November 26, 1969.

Plaintiff Rosina Fittante moved the court to hold defendant Irving Schultz in contempt of court for failure to carry out a 1962 consent decree. Motion dismissed. Plaintiff appeals. Affirmed.

*Theodore G. Albert,* for plaintiff.

*Santini, Jacobs & McDonald,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

Per Curiam.   The plaintiff seeks to hold the defendant in contempt of court for failure to carry out the terms of a consent decree entered in 1962.

The defendant is the owner of property adjacent to the plaintiff's property.  Both the plaintiff's and the defendant's homes are built within a few feet of the common boundary line.  When the defendant built his home he raised the elevation of his property approximately four feet causing fill dirt to slide onto the plaintiff's property.  In 1962 a consent decree was entered requiring the defendant to construct in "a workmanlike manner without interference from the plaintiff" a retaining wall of specified dimensions made of concrete block set on concrete footings. Despite further disputes between the parties, the wall was completed in 1963.

In 1967 the plaintiff filed a motion for an order to show cause why the defendant should not be committed for contempt alleging that the defendant was not maintaining the wall. A hearing was held in June, 1967. The trial judge found that the wall was a "haphazard affair." At the conclusion of the hearing he ordered the matter held in abeyance until the defendant could secure the advice of some competent person as to what should be done. The judge stated that he did this because neither the plaintiff nor her son would ever be satisfied "no matter what defendant did in an effort to repair and maintain the wall."

Meanwhile the defendant lowered the wall at the rear of the property (where it was tilted) to eliminate the danger of it falling. He also attempted to jack up the footing of the wall to straighten it. There is evidence that the plaintiff or her son impeded the defendant's efforts to repair the wall, but they assert that the defendant was interfering with their use of plaintiff's property.

The court concluded that a concrete block wall "is never going to hold up" and stated that the substance of the opinion of contractors is that the only permanent solution is to remove the existing wall and to erect a poured concrete wall, rather than a wall of concrete blocks, and it was estimated that this would cost more than $6,000.

The defendant has nine children, three of whom still reside at home and are going to school. He had been unemployed for two years and the family was on relief. He is partially crippled and walks with a cane.

The court found that the front half of the wall is still in fair condition and that because of the lowering of the wall at the rear of the property it no longer constitutes a hazard to life and limb. The court further found that the wall was not constructed

in a workmanlike manner and, due to the elements, the rear half of the wall is now cracked and crooked. The court, nevertheless, declined to hold the defendant in contempt, stating:

"It is now apparent that any attempt by this court to enforce the provisions of the consent decree of 1962 would be an exercise in futility. Committing defendant to jail for contempt because he did not erect the wall in a workmanlike manner would accomplish nothing. The same is true with respect to plaintiff's complaint that he has not maintained the wall, especially since he has been thwarted in his efforts when plaintiff's son caused his arrest for trespass. Furthermore, it is now clear that the only solution to the problem is one which is beyond the financial ability of defendant to perform. There being no practical way of enforcing the consent judgment of 1962, this court has no alternative but to dismiss plaintiff's motion to hold defendant in contempt."

We agree with the trial judge that holding the defendant in contempt for failing to do that which is not within his capacity to accomplish would serve no useful purpose, and that equity need not take that course. The contempt power enables a court to punish for disobedience of, and to exact compliance with, its order. In this case punishment of the defendant appears unwarranted; there is no showing that he acted in bad faith. In the light of his financial condition there is no reason to expect that compliance with the order could be obtained by jailing him. It does not appear that it would profit the plaintiff to have the defendant incarcerated.

From the plaintiff's point of view the result is unsatisfactory and will seem unjust. Her property is threatened by a retaining wall which the trial judge found to be a haphazard affair constructed in an unworkmanlike manner. Those being the facts,

the plaintiff is entitled to some remedy against the defendant unless the plaintiff's conduct bars her from complaining.

We do not wish our decision affirming the trial judge read as barring the plaintiff from seeking other relief. The plaintiff asserts that the defendant should be required to remove the wall and re-grade his property. We have no way of determining on the presented record whether that would be feasible and equitable. The plaintiff should be given an opportunity to present evidence in support of that claim. Alternatively, she may wish to attempt to obtain a money judgment (which we recognize may not be collectible).

The proceedings in this case may be reopened at plaintiff's request; the matter should be heard promptly. The plaintiff has encountered much vexation in this litigation, some of which may be her own fault. However, we are impressed that much of the plaintiff's distress is justified. We are anxious that further obstacles not impede an adjudication of the merits of plaintiff's claim that she was injured by defendant's raising the height of his land and failing to perform in accordance with the 1962 decree.

Affirmed. No costs.