OPINION OF THE COURT
Alfred M. Lama, J.
The defendant is charged with harassment (Penal Law, § 240.25, subd 1) and moves to vacate the order of protection granted, ex parte, at the request of his wife, the complainant. The question presented is whether the defendant is entitled to a hearing to determine the propriety of continuing the order of protection until the trial of this action.
One who is deprived of a property right must be afforded an opportunity to be heard at a meaningful time and in a meaningful manner (Barry v Barchi, 443 US 55; Armstrong v Manzo, 380 US 545; Matter of Jones v Berman, 37 NY2d 42). Where an individual suffers a loss of property without a prior hearing, he must be given an opportunity to be heard promptly after the deprivation occurs (Barry v Barchi, supra). Further, the mere fact that thei individual will eventually have a full trial of the issues does not obviate the prompt hearing requirement (Fuentes v Shevin, 407 US 67).
*719 Here, the defendant has been denied access to his home and personal possessions without a prior hearing. Although such a prehearing order is constitutionally justifiable as necessary to effect the State’s interest in protecting victims of domestic violence (see Barry v Barchi, supra, prehearing suspension of trainer justified as necessary to maintain integrity of horse racing), the continuance of the order is not valid unless the defendant is given an. opportunity to be heard (People v Faieta, 109 Misc 2d 841). Although no specific provision for a hearing is included in CPL 530.12 (protection for victims of family offenses), the CPL does provide a mechanism for affording the defendant this right. CPL 530.12 (subd 1) states that orders of protection may be made a condition of release on bail. Thus, the defendant is actually seeking to modify the court’s bail order and such an application falls within the ambit of the hearing provision of CPL 510.20. That section provides that a defendant may be accorded an opportunity to be heard on his application to be released on his own recognizance or to fix bail in a suggested form (see People v Terrell, 62 Misc 2d 673). Therefore, pursuant to CPL 510.20 this court orders a hearing to determine the merits of the defendant’s application.