PEOPLE v McCARTNEY (ON REMAND)

Docket No. 80935. Submitted October 15, 1984, at Lansing.—Decided
    March 12, 1985.

   Linda McCartney was appointed conservator of her minor daugh-
     ter's estate by the Probate Court of Lenawee County. The
     estate consists of $1,731.65 received in settlement of a lawsuit.
     The money was deposited in the Bank of Lenawee County
     pursuant to a limitation on the conservator's powers contained
     in her letters of authority. On March 1, 1982, the probate court
     authorized the transfer of the funds to a different bank. The
     Bank of Lenawee County did not effect a transfer but, instead,
     gave the money to the defendant, who did not deposit it with
     the new bank. On July 20, 1982, the probate register signed a
     complaint initiating an action in the district court charging the
     defendant with embezzlement by a trustee of a sum in excess of
     $100. Following an examination, the defendant was bound over
     to the Lenawee Circuit Court for a trial. On August 30, 1982,
     the probate court issued a show cause order, the hearing on
     which on September 13, 1982, ended with a contempt adjudica-
     tion by which defendant was sentenced to serve 20 days in jail
     or pay $1,731.35. Defendant then moved in the circuit court to
     dismiss, challenging the prosecution as violative of the Double
     Jeopardy Clauses of the United States and Michigan Constitu-
     tions. The trial court, Kenneth B. Glaser, Jr., J., denied her
     motion to dismiss. Defendant appealed by leave granted. The
     Court of Appeals held that defendant could not be tried for
     embezzlement by a trustee of a sum in excess of $100 without
     violating double jeopardy because defendant had previously had
     a contempt adjudication entered against her and, because the
     contempt proceedings were criminal in nature, double jeopardy
     protections applied, 132 Mich App 547 (1984). The people

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 245.
    73 Am Jur 2d, Statutes § 300.
[2] 21 Am Jur 2d, Criminal Law §§ 278, 279.
[3, 4] 17 Am Jur 2d, Contempt § 105.
[4] 21 Criminal Law §§ 598, 599.
    Court's right, in imposing sentence, to hear evidence of, or to
      consider, other offenses committed by defendant. 96 ALR2d 768.

sought leave to appeal and the Supreme Court, at 419 Mich 941 (1984), in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984). On remand, *held:*

1. The earlier Court of Appeals opinion in this case was focused on determining whether the contempt adjudication was criminal in nature. The finding was that it was criminal in nature, and that determination is still adhered to.

2. Where, as here, one or more of the statutory offenses is not a criminal intent crime, the inquiry is whether the offenses were part of the same criminal episode and whether they involve laws intended to prevent the same or similar harm or evil.

3. There is a clear legislative intent to impose separate punishment on a person who has been adjudged in contempt of court if those actions which constituted contempt are also violative of some criminal provision.

4. Contempt is designed to punish offenses against the court and, as such, represents a separate and distinct offense from the criminal act which provides the basis for the contempt adjudication.

5. Despite the fact that the holdings thus far on remand indicate that defendant may be punished for both the embezzlement and contempt offenses without running afoul of her double jeopardy rights, the contempt statute also instructs that a prior contempt adjudication is to be taken into account in imposing sentence on the underlying offense. The lower court's denial of the motion to dismiss is affirmed.

Affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY — LEGISLATIVE INTENT.
   Legislative intent is the crucial aspect of double jeopardy analysis.

2. CRIMINAL LAW — SAME TRANSACTION RULE — DEFINITION.
   Criminal charges against a defendant arise out of the same transaction and must be joined at one trial where (1) the crimes are ones of criminal intent, are committed in a continuous time sequence, and display a single criminal intent or objective, or (2) if they are not all crimes of criminal intent, they are part of the same criminal episode and violate laws intended to prevent the same or similar harm or evil, not a substantially different kind of harm or evil.

3. CRIMINAL LAW — CONTEMPT — CRIMES — MULTIPLE PUNISHMENT.
   Separate punishments may be imposed on a person who has been

adjudged in contempt of court if those actions which constituted contempt are also violative of some criminal provision; contempt is designed to punish offenses against the court and, as such, represents a separate and distinct offense from the criminal act which provides the basis for the contempt adjudication.

4. CRIMINAL LAW — CONTEMPT — CRIMES — SENTENCING.
     A prior punishment imposed for contempt of court is to be taken into account in imposing sentence on the underlying offense (MCL 600.1745; MSA 27A.1745).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nathan T. Fairchild,* Prosecuting Attorney, for the people.

*William S. Kenyon,* for defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and BRONSON and R. B. BURNS, JJ.

PER CURIAM. The facts of the instant case are set forth in *People v McCartney,* 132 Mich App 547; 348 NW2d 692 (1984), and are not restated here. In that case, upon defendant's interlocutory appeal from the trial court's denial of her motion to dismiss, we held that defendant could not be tried for embezzlement by a trustee of a sum in excess of $100, MCL 750.174; MSA 28.371, without violating double jeopardy because defendant had previously had a contempt adjudication entered against her. We stated that the contempt proceedings were criminal in nature and, as such, double jeopardy protections applied. 132 Mich App 555-557. Upon delayed application for leave to appeal to the Supreme Court and in lieu of granting such, the Supreme Court vacated this Court's judgment and remanded "for reconsideration in the light of

*People v Robideau,* 419 Mich 458 [355 NW2d 592] (1984)". 419 Mich 941 (1984).

The focus of our prior opinion was on determining whether the contempt adjudication was criminal in nature. We held that it was and presently adhere to that determination. See *Fittante v Schultz,* 20 Mich App 259; 174 NW2d 29 (1969). However, we noted that "[t]he double jeopardy bar against dual prosecution for the same act is thus applicable under the test of *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180, 182; 76 L Ed 306, 309 (1932), and Michigan's 'same transaction' test, *People v White,* 390 Mich 245, 258; 212 NW2d 222 (1973); *Crampton v 54-A Dist Judge,* 397 Mich 489, 499; 245 NW2d 28 (1976)". 132 Mich App 557, fn 11. In light of the Supreme Court's subsequent disavowal of the *Blockburger* test in *Robideau, supra,* p 486, we must reconsider whether defendant's double jeopardy protections were violated in the instant case.

The import of *Robideau, supra,* in conjunction with the Supreme Court's decision in *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983), is clear: Legislative intent is the crucial aspect of double jeopardy analysis. Although, as noted in *Robideau, supra,* p 472, much confusion over double jeopardy has resulted from failure to identify the nature of the protection involved, each protection seeks to divine legislative intent. Compare *Robideau, supra* (single prosecution, two statutes); *Wakeford, supra* (single prosecution and one statute, but multiple victims); and *People v White, supra* (successive prosecutions under separate statutes). The instant case involves multiple prosecutions under separate statutes. Accordingly, *White, supra,* and the "same transaction" test provide the starting point of our analysis.

Since *White, supra,* p 259, the same transaction test for multiple-prosecution cases has been stated in terms of whether the crimes "were committed in a continuous time sequence and display a single intent and goal". This test, however, was further refined in *Crampton v 54-A Dist Judge, supra,* p 502, in which the Supreme Court held that where, as here, one or more of the statutory offenses is *not* a criminal intent crime, the inquiry is whether the offenses were part of the same criminal episode and whether they involve "laws intended to prevent the same or similar harm or evil * * *".[1] In other words, we must ascertain the intent of the Legislature in enacting MCL 600.1701; MSA 27A.1701 as well as in enacting MCL 750.174; MSA 28.371 (embezzlement by a trustee of a sum in excess of $100), and determine whether the Legislature intended that multiple punishments be imposed for such embezzlement when it occurs in a manner which also subjects the defendant to criminal contempt proceedings.

In *Robideau, supra,* pp 487-488, the Supreme Court noted several general, but nonexhaustive, principles on determining legislative intent. In the present case, however, the Legislature has provided specific guidance on the matter. MCL 600.1745; MSA 27A.1745 states:

"Sec. 1745. Persons proceeded against according to the provisions of this chapter, shall also be liable to indictment for the same misconduct, if it be an indictable offense; but the court before which a conviction shall be had on such indictment shall take into consideration the punishment before inflicted, in imposing sentence."

---

[1] We note that the contempt statute under which defendant was presumably convicted, MCL 600.1701; MSA 27A.1701, does not require criminal intent.

This provision evinces a clear legislative intent to impose separate punishment on a person who has been adjudged in contempt of court if those actions which constituted contempt are also violative of some criminal provision. As the Supreme Court noted in a case where the crime of perjury was the subject of contempt proceedings, "the one act constitut[es] two offenses, one against the State and the other against the court". *In re Murchison,* 340 Mich 151, 155-156; 65 NW2d 301 (1954), *rev'd on other grounds* 349 US 133; 75 S Ct 623; 99 L Ed 942 (1955). Indeed, that contempt and embezzlement do not involve "laws intended to prevent the same or similar harm or evil" is further supported by the Supreme Court's decision in the companion case of *In re White,* 340 Mich 140; 65 NW2d 296 (1954), in which it was noted that, because the power of contempt speaks to the inherent powers of the court, legislative curtailment of such authority was unconstitutional. Thus, contempt is designed to punish offenses against the court and, as such, represents a separate and distinct offense from the criminal act which provides the basis for the contempt adjudication.

We hasten to add, however, that MCL 600.1745; MSA 27A.1745, while indicating that contempt is a separate offense, instructs that a prior contempt adjudication is to be taken into account in imposing sentence on the underlying offense. And we also note that on the facts before us as recited in our previous decision, it should be remembered, as Judge ALLEN stated in *People v Monday,* 70 Mich App 518, 523; 245 NW2d 811 (1976), that "[c]ompassion is still an element of the law. The quality of mercy should not be strained on the facts before us".

Affirmed.