**Russell Earl CALHOUN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–89–848.

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1991.

Publication Ordered Nov. 5, 1991.

Mark Lea Cantrell, El Reno, Trial Counsel, Allen Smith, Asst. Appellate Public Defender, Norman, Appellate Counsel, for appellant.

Michael Gahan, Asst. Dist. Atty., El Reno, Trial Counsel, Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty.

Gen., Oklahoma City, Appellate Counsel, for appellee.

## OPINION

PARKS, Judge:

Russell Earl Calhoun, appellant, was tried by jury in Canadian County District Court and convicted of First Degree Burglary (21 O.S.1981, § 1431) in Case No. CRF–88–451, and First Degree Arson (21 O.S.1981, § 1401) in Case No. CRF–88–453, each After Former Conviction of Two or More Felonies. Punishment was set at forty-five (45) years imprisonment for each count, to be served concurrently. We affirm.

On September 24, 1988, at approximately 1:00 a.m., P.C. looked out of the window of her rural Canadian County home and saw appellant, her estranged husband, approaching the house. The couple had separated due to marital problems in June of 1988. In July of 1988, P.C. obtained a protective order commanding appellant to leave the home and forbidding him from visiting P.C. at home or work. Upon seeing appellant approach the house, P.C. telephoned the police. During the call, the phone line went dead and the electricity to the house was shut off. Appellant tried unsuccessfully to kick in the front door and then entered the home through a window. Appellant, carrying a gas can and roofing hatchet, threatened to burn down the house and kill himself. The Mustang Police Department, responding to P.C.'s call, surrounded the house but remained outside during the incident. At approximately 3:00 a.m., appellant allowed his two stepchildren to leave the home. P.C. walked away from the house at approximately 5:00 a.m. Thereafter, the officers entered and saw flames on the second floor of the house. The flames were extinguished and appellant was arrested.

■ In his first proposition of error, appellant claims that the evidence introduced at trial was insufficient to sustain a conviction for First Degree Arson. Specifically, appellant asserts that because he burned a piece of furniture and not the structure of the house he is not guilty of the crime charged. We disagree.

Appellant was charged under 21 O.S.1981, § 1401, which provides in relevant part:

Any person who wilfully and maliciously sets fire to or burns ... in whole or in part ... any building or structure *or contents thereof,* inhabited or occupied by one or more persons, whether the property of himself or another, shall be guilty of arson in the first degree....

(emphasis added). Appellant's act of starting a fire on a dresser located within the house clearly falls within the scope of this statute. We find that the evidence introduced at trial, when examined in the light most favorable to the State, is sufficient to support appellant's conviction for First Degree Arson. *See Spuehler v. State,* 709 P.2d 202, 203–4 (Okl.Cr.1985).

■ In his second proposition of error, appellant alleges that the evidence presented at trial was insufficient to sustain his burglary conviction. The essential elements of First Degree Burglary are (1) breaking, (2) entering, (3) a dwelling, (4) of another, (5) in which a human is present, (6) with the intent to commit some crime therein. 21 O.S.1981, § 1431. *See also Oklahoma Uniform Jury Instructions—Criminal* (OUJI–CR) 511. The crux of appellant's argument is that the prosecution's evidence failed to establish the element "of another." Appellant specifically maintains that he could not have committed this crime because he had an ownership interest in the dwelling.

Initially, we note that appellant's claim of an ownership interest is nothing more than a bald assertion. In fact, appellant admits in his brief that P.C.'s father held legal title to the property. Appellant's Brief at 10. Assuming arguendo that appellant had an ownership interest in the dwelling, we would find such fact irrelevant to the disposition of this assignment. Although a search for caselaw in this jurisdiction addressing similar issues has proved fruitless, other jurisdictions have commonly, and we believe correctly, held that burglary is a crime against habitation.

Therefore, lawful possession of the property, not ownership, is the determinative issue. *See Parham v. State*, 79 Md.App. 152, 556 A.2d 280 (1989); *Cladd v. State*, 398 So.2d 442 (Fla.1981); *State v. Smith*, 626 S.W.2d 669 (Mo.App.1981); *In Interest of M.E.*, 370 So.2d 795 (Fla.1979).

■ We find that the protective order issued on July 28, 1988 (State's Exhibit No. 2), is determinative of this proposition. This protective order mandated that appellant leave the residence and prohibited him from visiting, communicating with, or threatening P.C. at home or at work. Appellant correctly points out that the issuance of a protective order does not affect title to real property. *See* 22 O.S.Supp. 1988, § 60.4(F). However, the protective order did divest appellant of any possessory interest in the dwelling. Because appellant had no possessory interest in the dwelling, we find that the prosecution's evidence, when viewed in the light most favorable to the State, was sufficient to support appellant's conviction for First Degree Burglary. *See Spuehler*, 709 P.2d at 203–4.

■ In a related contention, appellant claims that prior to a final divorce decree all he could be charged for is the violation of the protective order. Appellant notes that written instructions concerning the violation of a protective order were submitted to and rejected by the trial court. However, appellant's only citation of authority in support of this argument is 22 O.S.Supp.1988, § 60.6, which sets forth the penalties for the violation of a protective order under the Protection From Domestic Abuse Act. Appellant does not adequately explain the nature of this argument and we are unable to decipher its meaning. To the extent that the argument is premised upon the "ownership theory," we have heretofore rejected the same. If appellant had some other argument in mind, we summarily reject it for failure to cite relevant authority. *Clanton v. State*, 711 P.2d 937, 939 (Okl.Cr.1985).

■ In his third proposition of error, appellant claims that the trial court erred in refusing his requested instruction on the defense of voluntary intoxication. To be entitled to such an instruction, appellant must have introduced evidence sufficient to raise a reasonable doubt as to his ability to form the requisite criminal intent. *Lamb v. State*, 767 P.2d 887, 890 (Okl.Cr.1988). After reviewing the record, we find that even though appellant testified that he had consumed a large quantity of alcohol and taken some sleeping pills on the night of his arrest, the trial court did not abuse its discretion in refusing the requested instruction. At trial, appellant was able to give a detailed account of his actions and perceptions on the night in question. For example, appellant testified that because he feared that his children might be inside, he decided to break into the house to secure the children's safety. (Tr.163–64). Additionally, appellant testified that he cut off the electricity because he did not want the house "to blow up immediately by electrical short." (Tr.166). Based upon the record, we agree with the trial court's conclusion that appellant failed to raise a reasonable doubt as to his ability to form the requisite intent. Therefore, we find that the trial judge did not abuse his discretion in refusing to give the requested instruction. *See Norman v. State*, 648 P.2d 1243, 1245 (Okl.Cr.1982).

■ In his final proposition of error, appellant claims that his sentences are excessive and should be modified. Appellant's sentences were enhanced pursuant to 21 O.S.Supp.1985, § 51(B), which requires a minimum sentence of twenty (20) years imprisonment upon conviction of a felony after former conviction of two or more felonies. The statute does not provide for a maximum sentence, but leaves that determination to the trier of fact. *Mornes v. State*, 755 P.2d 91, 95 (Okl.Cr.1988). In reviewing punishment imposed above the minimum sentence, this Court does not have the power to modify the punishment unless we can conscientiously say the sen-

tence is so excessive as to shock the conscience of the Court. *Bristol v. State,* 764 P.2d 887, 891 (Okl.Cr.1988). After reviewing the facts and circumstances of this case, we cannot say that the sentences imposed shock our conscience. Accordingly, this assignment of error is denied.

On the basis of the foregoing, the Judgments and Sentences are AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.