PEOPLE v SZPARA

Docket No. 142607. Submitted September 15, 1992, at Detroit. Decided October 6, 1992, at 9:10 A.M. Leave to appeal sought.

Lawrence R. Szpara pleaded nolo contendere in the Recorder's Court for the City of Detroit, Dominick R. Carnovale, J., of one count of assault with intent to commit murder and one count of breaking and entering an occupied dwelling with intent to commit a felony. The complainant was the defendant's wife. At the time of the incident, the parties were involved in divorce proceedings and the court had prohibited the defendant from entering the marital home. Despite the order, he broke into the marital home and severely beat the complainant. Before sentencing, the defendant moved to withdraw his plea on the breaking and entering charge, claiming that he could be charged only with contempt for violating the court's order, not with breaking and entering his own house. The trial court refused to set aside the plea. The defendant appealed.

The Court of Appeals *held:*

The contempt provision of MCL 552.14(5); MSA 25.94(5), regarding violation of an injunction in a divorce proceeding, and the breaking and entering statute, MCL 750.110; MSA 28.305, serve different purposes. The former serves to vindicate the authority of the court, while the latter punishes criminal action. The contempt statute and the breaking and entering statute address separate and distinct offenses. Thus, the contempt provision did not provide the exclusive remedy for the defendant's entry of the house. The prosecutor was authorized to proceed against the defendant for breaking and entering because, pursuant to the court's order, the defendant had been divested of whatever rights he had to enter the house, and his entry was against the possessory right of the complainant.

Affirmed.

DIVORCE — RESTRAINING ORDERS — CONTEMPT — BREAKING AND ENTERING.

The contempt powers of the court are not the exclusive remedy

REFERENCES

Am Jur 2d, Contempt §§ 8, 43; Criminal Law §§ 277, 279.

Contempt finding as precluding substantive criminal charges relating to same transaction. 26 ALR4th 950.

available where a party in a divorce action violates a court order prohibiting entry of the marital home; breaking and entering may be charged as a separate and distinct offense; such proceedings and contempt proceedings serve different purposes (MCL 552.14, 750.110; MSA 25.94, 28.305).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for the defendant on appeal.

Before: GRIBBS, P.J., and MARILYN KELLY and REILLY, JJ.

PER CURIAM. Defendant entered a plea of nolo contendere to one count of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count of breaking and entering an occupied dwelling with intent to commit a felony, MCL 750.110; MSA 28.305. He was sentenced to concurrent terms of six to twenty years of imprisonment for the assault conviction and six to fifteen years of imprisonment for the breaking and entering conviction. He now appeals as of right. We affirm.

The complainant in this case was defendant's wife. At the time of the incident underlying defendant's convictions the parties were going through a divorce. There was a court order prohibiting defendant from entering the premises that had been the marital home. Despite the court order, defendant broke into the home and severely beat the complainant.

Before being sentenced, defendant moved to withdraw his plea on the breaking and entering charge. The trial court refused to set aside defendant's plea.

Defendant claimed below, and now claims on appeal, that the prosecution could not charge him for breaking and entering his own home and that the exclusive remedy for the entry of his home in violation of the circuit court order is the contempt provision of MCL 552.14(5); MSA 25.94(5). Defendant is, therefore, challenging the prosecution's authority to proceed against him in the first place. See *People v Beckner,* 92 Mich App 166, 168; 285 NW2d 52 (1979); *People v Kotesky,* 190 Mich App 330, 331; 475 NW2d 473 (1991). Accordingly, defendant's claim is not waived by his plea of nolo contendere. *Beckner, supra* at 169.

Nevertheless, we reject defendant's claim. MCL 552.14; MSA 25.94 provides that during a divorce proceeding a court may enter a preliminary injunction prohibiting a party from entering into certain premises. Furthermore, MCL 552.14(5); MSA 25.94(5) provides:

> A person who refuses or fails to comply with an order issued pursuant to subsection (1) or (3) is subject to the contempt powers of the court and, if found guilty, shall be imprisoned for not more than 90 days and may be fined not more than $500.00.

The contempt provision for a violation of an injunction in a divorce proceeding and the breaking and entering statute serve different purposes. The contempt provision serves to vindicate the authority of the court, *In re Contempt of Rochlin,* 186 Mich App 639, 644; 465 NW2d 388 (1990), while the breaking and entering statute punishes a defendant for his criminal actions. "Thus, contempt is designed to punish offenses against the court and, as such, represents a separate and distinct offense from the criminal act which provides the basis for the contempt adjudication." *People v*

*McCartney (On Remand),* 141 Mich App 591, 596; 367 NW2d 865 (1985).

We also reject defendant's argument that he could not be charged with breaking and entering his own home.[1] In support of his argument, defendant cites *People v Eggleston,* 186 Mich 510, 515; 152 NW 944 (1915), and *People v Gauze,* 15 Cal 3d 709; 125 Cal Rptr 773; 542 P2d 1365 (1975). The Court in *Eggleston,* although not resolving the issue whether the trial court was required to give an instruction that the defendant could not be found guilty of breaking and entering property of which he was partial owner, stated:

> If the evidence disclosed the fact that the respondent did in fact have a joint deed of the place into which he was charged with having feloniously broken and entered, and if by reason of the condition of the title to said property the respondent honestly believed that he had a right to enter, it is difficult to see how he could have entertained criminal intent, which is a necessary element of the crime charged. *Eggleston, supra* at 515.

The court in *Gauze* found that the defendant in that case could not be guilty of burglarizing (entering with felonious intent) his own home. *Gauze, supra* at 714. The court noted that the defendant's entry invaded no possessory right of habitation and more importantly that the defendant had an *absolute right to enter the apartment. Id.*

In this case, defendant had no such right. He was prevented by court order from entering the marital home. Accordingly, he had lost, at least at the time of this incident, whatever rights he had

---

[1] The breaking and entering statute provides, in pertinent part:

> Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony. [MCL 750.110; MSA 28.305.]

to enter the home, and his entry was against the possessory right of the complainant. See *Ex parte Davis,* 542 SW2d 192 (Tex Crim App, 1976) (the defendant's right to enter the marital home was negated by a court order giving the defendant's wife exclusive possession of the property and ordering the defendant to stay away from the premises). Therefore, we conclude that defendant was properly charged with breaking and entering.

Although our resolution of this issue makes it unnecessary for us to consider defendant's remaining argument, we note that, even had we found that the breaking and entering charge was improper, we would not remand for resentencing with regard to the assault charge. Our review of the record indicates, contrary to defendant's argument, that the trial court did not rely on the breaking and entering charge when sentencing defendant on the assault charge. Rather the court appropriately considered the violent and brutal manner in which defendant attacked the complainant.

Affirmed.