54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milton Clark DANGERFIELD, Petitioner-Appellant,
v.
Steve HARGETT; Attorney General for the State of Oklahoma,
Respondents-Appellees.
 No. 94-6314.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Milton Clark Dangerfield appearing pro se appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 On October 24, 1974, Petitioner was convicted and sentenced in Oklahoma state court for Robbery with a Firearm after a Former Felony Conviction ("case no. 74-2891"). On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. See Dangerfield v. State, 548 P.2d 662 (Okla. Crim. App. 1976).
 
 
 3
 On May 1, 1987, the Governor of Oklahoma issued a Certificate of Parole in case no. 74-2891. The certificate directed Petitioner to begin service in an unrelated case for various parole violations ("case no. 74-2318"). On July 21, 1988, Petitioner completed service in case no. 74-2318 and received a Certificate of Discharge. The Certificate stated: "Your field file reveals no required period of supervision." However, this was error as Petitioner was apparently subject to parole supervision in case no. 74-2891. Approximately two years later, on June 11, 1990, the Oklahoma Department of Corrections discovered its error, contacted Petitioner, and advised him that he was under parole supervision in case no. 74-2891.
 
 
 4
 On November 3, 1992, following the resumption of his parole, Petitioner was arrested in Tulsa, Oklahoma for False Declaration of Ownership. Thereafter, on July 29, 1993, Petitioner's parole was revoked in case no. 74-2891 following the completion of a parole revocation hearing.
 
 
 5
 On August 31, 1993, Petitioner filed an Application for Post-Conviction relief in state district court challenging the revocation of his parole claiming that he was discharged, not paroled, from his sentence in case no. 74-2891. The district court denied the motion.
 
 
 6
 On January 26, 1994, Petitioner filed a Petition in Error with the Oklahoma Court of Criminal Appeals contending the district court erred in denying his application for post-conviction relief. Six weeks later on March 8, 1994, Petitioner submitted a brief setting forth his arguments and legal authorities in support of his Petition in Error. The court rejected the brief however because under state procedural rules, the brief should have been filed simultaneously with the Petition in Error. See Rule 5.2(C), Rules of the Court of Criminal Appeals, Okla. Stat. Ann. tit. 22, ch. 18, App. On March 21, 1994, the court denied Petitioner's appeal because he had failed to offer any evidence or citations of authority in support of his claims. See Rules 3.5(A)(5), 3.6; Rules of the Court of Criminal Appeals, Okla. Stat. Ann. tit. 22, ch. 18, App.
 
 
 7
 On June 30, 1994, Petitioner filed the instant habeas corpus petition in federal district court. The district court, adopting the magistrate's findings and recommendations, denied the petition. This appeal followed.
 
 
 8
 On appeal, Defendant claims: (1) the revocation of his parole in case no. 74-2891 violated his Fourteenth Amendment due process rights because he had been discharged rather than paroled from his sentence, and (2) principles of fundamental fairness prevented his reincarceration following assurances by DOC officials that he was no longer under supervised release in case no. 74-2318. We review the district court's denial of a Sec. 2254 motion de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S. Ct. 129 (1993).
 
 
 9
 As an initial matter, we address the Respondent's argument that Petitioner's claims are barred by the procedural default doctrine. The alleged procedural default in this case results from Petitioner's failure to properly file citations and authority in support of the arguments contained in his petition in error.
 
 
 10
 Under the procedural default doctrine, claims asserted in a federal habeas proceeding may not be addressed if they have been defaulted in state court on independent and adequate state procedural grounds, absent a showing of cause and prejudice or fundamental miscarriage of justice. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995), petition for cert. filed, (U.S. March 13, 1995) (No. 94-8391). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Id. Additionally, a finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases."' Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992)).
 
 
 11
 Applying these principles to the instant case, we conclude Petitioner's claims are barred by the procedural default doctrine. First, the state court's procedural bar as applied to Petitioner's claims was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because the Oklahoma Court of Criminal Appeals has consistently dismissed claims for failure to properly file supporting citations and authority. See, e.g., Cooper v. State, 889 P.2d 293, 314 (Okla. Crim. App. 1995); McCracken v. State, 887 P.2d 323, 330 (Okla. Crim. App. 1995); Calhoun v. State, 820 P.2d 819, 822 (Okla. Crim. App. 1991); Kerr v. State, 738 P.2d 1370, 1372 (Okla. Crim. App. 1987). Consequently, Petitioner's claims raised in the instant Sec. 2254 motion were procedurally defaulted before the Oklahoma Court of Criminal Appeals.
 
 
 12
 Because of his procedural default, we may not consider Petitioner's claims unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). Petitioner attempts to show cause by claiming he should have been granted greater latitude as a pro se petitioner. However, Petitioner's pro se status is insufficient to establish cause for the purposes of the cause and prejudice test. See Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991). Thus, Petitioner has failed to demonstrate cause to excuse his procedural default.[1]
 
 
 13
 Although Petitioner failed to establish cause to excuse his state procedural default, we may nevertheless address his claims if a fundamental miscarriage of justice would result if we failed to consider them. See Coleman, 111 S. Ct. at 2565. The fundamental miscarriage of justice exception applies only when a petitioner "'supplements his constitutional claim with a colorable showing of factual innocence."' Herrera v. Collins, 113 S. Ct. 853, 862 (1993) (quoting Kuhlman v. Wilson, 477 U.S. 436, 454 (1986)). Here, Petitioner has failed to supplement his claims with any evidence of actual innocence, thus precluding the application of the fundamental miscarriage of justice exception. Because Petitioner cannot meet either the cause and prejudice or fundamental miscarriage of justice exceptions, his claims cannot be considered on the merits. Accordingly, we AFFIRM the district court's order denying Petitioner's Sec. 2254 motion.[2]
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Because Petitioner has not shown cause, we need not address the issue of prejudice. See Steele v. Young, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993)
 
 
 [2]
 Petitioner's application for a Certificate of Probable Cause is denied