OPINION OF THE COURT
Kenneth L. Gartner, J.
Defendant is charged with two D felonies, assault in the second degree (Penal Law § 120.05 [2]), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Both charges arise out of the defendant’s alleged slash of the *884 neck of the complaining witness during an altercation over a double-parked car outside an Off Track Betting parlor.
At arraignment, a complete stay-away temporary order of protection (TOP) was entered prohibiting the defendant from having any contact with the complaining witness. At the defendant’s request, the matter was marked for a TOP hearing, and thus came before this court.
At the commencement of the TOP hearing, the People objected to the hearing going forward, arguing that unless the defendant could make an offer of proof demonstrating some change in the factual circumstances from the time that the original TOP had been entered, the defendant had no right to a TOP hearing, and that this court, in the absence of any such changed circumstances, had no authority to review the entry by another Judge of this court of a TOP. This objection was taken under advisement, and the hearing commenced.
The hearing itself consisted primarily of the People submitting the two accusatory instruments as supplemented by the supporting deposition of the complaining witness. The defendant objected to the consideration of these documents, asserting that they constituted unauthenticated hearsay. This objection, too, was taken under advisement.
Finally, the hearing concluded with the defendant presenting argument that a TOP was inappropriate due to the fact that the defendant and complaining witness are complete strangers to each other, with no likelihood of their coming into contact in the future, other than by accident and under circumstances which should not carry the threat of further criminal sanction. The defendant argued that there is thus no demonstrated need for a TOP. The People countered that the threat of violence necessitating a TOP is implicit in the very nature of the criminal act alleged. Moreover, .the People argue, the unlikelihood of future contact makes the burden placed on defendant minimal.
As this court has previously observed, the Legislature statutorily authorized local criminal courts such as this one to issue TOPs by first, in 1977, enacting CPL 530.12, covering family offenses, and then, in 1981, enacting CPL 530.13, covering victims of crime other than those committed by other family members. The TOP is to be issued “upon good cause shown.” The legislative history indicates that the legislation was necessary “in response to legislative findings that victim and witness intimidation by defendants released on bail or on their own recognizance was a significant problem for prosecutors.” *885 (People v Koertge, 182 Misc 2d 183, 187 [Nassau Dist Ct 1998, Fiechter, J.].)
In People v Forman (145 Misc 2d 115, 123 [Crim Ct, NY County 1989]), the court observed that the procedures and criteria for the issuance of TOPs “are nowhere set out in a coherent fashion.” While TOPs are issued in coordination with the bail hearing at arraignment, at which the defendant is afforded an opportunity to be heard, “[t]here is surprisingly little authority concerning the nature of a defendant’s opportunity to be heard.” (People v Forman, supra, 145 Misc 2d, at 123.) As observed by the court in People v Forman (supra, 145 Misc 2d, at 123-124): “At arraignment, in addition to the presentation of an accusatory instrument [and] defendant’s NYSID sheet * * * a hearing on an initial application for bail or recognizance customarily consists of the presentation of facts and legal argument by prosecution and defense counsel, and counsel’s responses to questioning by the court * * * Thus, at defendant Forman’s arraignment, the People were required to make a presentation of facts and law to support their application for a TQP * * * and defendant, by counsel, was entitled to present faqts and law in opposition to the application.” As held in People v Forman (supra, 145 Misc 2d, at 125): “ ‘[D]anger of intimidation or injury’ to complainant is the appropriate standard to be applied by a court considering an application for a TOP as a condition of bail or recognizance ^ ^ There must be a ‘ “reasonable foundation” ’ for the court’s determination [citations omitted] and the reason for the court’s determination should be stated or, at minimum, must be ascertainable from the record.”
Where issues of fact are raised by a contested application for a TOP, an evidentiary hearing may be scheduled by the court, purely at its discretion. (People v Koertge, supra.) While a TOP hearing may thus be discretionarily ordered where an evidentiary issue is raised, it is also within the discretion of the arraignment Judge to direct one even in the absence of an evidentiary issue, whenever that Judge believes that a continuation of the presentation and inquiry conducted during the bail hearing at arraignment would be useful or productive. Such may, for instance, be the case where at the time of arraignment the People have not yet had the opportunity to conduct a sufficiently meaningful interview with the complaining witness; where (as was the situation in the instant case) a supporting deposition is unavailable at the time of arraignment; where the NYSID sheet is not available at the time of *886 arraignment; etc. Once the Judge at arraignment makes the determination to direct the holding of a TOP hearing, that Judge has implicitly determined that the necessary threshold for the scheduling of such a hearing has béen met, and has voluntarily ceded to the Hearing Judge the authority to determine whether the TOP entered at the time of arraignment should be continued, vacated or modified. No further showing need be made for the defendant to obtain the hearing, and no specific evidence need be advanced by the defendant at the hearing.
As noted in People v Forman (supra), accusatory instruments are themselves necessarily and routinely considered as part of the process of determining bail. Supporting depositions — i.e., written instruments which accompany or are filed in connection with accusatory instruments (CPL 100.20), and are considered part of them for purposes of considering their sufficiency (e.g., CPL 100.40) — are also routinely considered at such a time. Both accusatory instruments and supporting depositions may necessarily thus also be considered at a TOP hearing, which is in essence a continuation of the bail hearing for purposes of considering a change in the conditions of bail or recognizance. As aptly observed by Judge Fiechter in People v Koertge (supra), an individual charged with a misdemeanor can be incarcerated and held on bail from 60 to 90 days, and with a felony six months; it would be anomalous to conclude that more stringent requirements should be applicable in a hearing to determine whether the defendant’s release should be emburdened by conditions such as those set forth in a TOP than are applicable at a hearing held to determine whether a defendant shall be released from incarceration at all! (See also, e.g., People v Derisi, 110 Misc 2d 718 [Suffolk Dist Ct 1981]; People v Faieta, 109 Misc 2d 841 [Nassau Dist Ct 1981].)
Moreover, there is no absolute right of a defendant to call and identify witnesses at a pretrial hearing and thereby transform it into a discovery proceeding. (People v Chipp, 75 NY2d 327 [1990].) Both New York State and Federal courts have recognized that hearsay is generally admissible at pretrial hearings. (See, CPL 710.60 [4]; People v Pimentel, 140 AD2d 270 [1st Dept 1988]; People v Scott, 93 Misc 2d 1074 [Sup Ct, Bronx County 1978]; see also, People v Martinez, 97 Misc 2d 598 [Crim Ct, NY County 1978]; United States v Prescott, 920 F2d 139 [2d Cir 1990] [admissibility of hearsay contained in a sentencing report upheld, with defendant’s rights found sufficiently protected by allowing him the opportunity to rebut any evidence contained therein].)
*887 In the instant case,. the supporting deposition of the complaining witness itself concedes that the complaining witness initiated the physical confrontation with the defendant in response to verbal comments made by the defendant as a result of the complaining witness having blocked the defendant into a spot by double parking the complaining witness’s car. Proceeding upon the assumption of the veracity and accuracy of the factual allegations contained in the felony complaints and supporting deposition (People v Martinez, supra, 97 Misc 2d, at 602), and in view of the defendant’s failure to controvert anything contained therein, this court determines that the TOP was properly issued and should remain in effect, except — as alternatively requested by the defendant and as the People indicated would be alternatively acceptable — modified from a complete stay-away TOP to one directing defendant to retrain from harassing, intimidating, threatening or otherwise interfering with the victim.