OPINION OF THE COURT
John M. Leventhal, J.
This court holds that, under the circumstances presented in this case, a lessee of a premises may be found guilty of either burglary or criminal trespass of his leased premises.
The defendant moves to dismiss counts one through six of the indictment on the ground that he has a proprietary interest, i.e., he is a named lessee, of the premises alleged to have been unlawfully entered.
In deciding this motion, the court has considered the moving papers, the People’s opposition and the court file. Both parties *648 make general legal arguments, but fail to cite a single New York case directly on point. This court’s research likewise does not reveal a New York case directly on point.
Background
While both parties submit different sets of facts, the different facts do not contradict each other.[1] For the purpose of this decision, the court finds that on April 14, 2002, Kings County Criminal Court issued a temporary order of protection commencing on that date and terminating on May 2, 2002. The order of protection stated that the defendant should stay away from the home of the complainant, and that he was to reside with his cousin at 721 Hancock Street, Brooklyn, New York. The order also provided that the defendant may enter the complainant’s premises on April 15, 2002 between the hours of “9 and 12 p.m.” accompanied by a police officer. The defendant is a named lessee of 591 Prospect Place, Brooklyn, New York. The defendant pays the bills relating to the apartment, has a key for the apartment and “had” (the. defendant’s words) clothing at that location.
On April 20, 2002, the defendant entered 591 Prospect Place by climbing through a window.
On May 30, 2002, the People filed Indictment No. 2885/02, alleging, among other crimes, various degrees of burglary and criminal trespass. On June 18, 2002, the defendant was arraigned and pleaded not guilty. On December 5, 2002, Indictment No. 2885/02 was consolidated into Indictment No. 6551/ 02.
Burglary and Criminal Trespass
Both burglary and criminal trespass in all their degrees have as an essential element that the accused “enter or remain unlawfully in or upon premises.” A person enters or remains unlawfully when absent “license and privilege” such person enters or remains in or upon a premises (Penal Law § 140.00 [5]). The statute does not define “license and privilege.” Courts have stated that a “person is ‘licensed or privileged’ to enter a premises when he [she] has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue consent” (People v Graves, 76 NY2d 16, 20 [1990]; People v McCargo, 226 AD2d 480, 481 [1996]). The *649 Courts do not define the term “owner” for licensing purposes under the burglary statute.
Under a different Penal Law section an owner is identified as a person who has a superior right of possession than another (Penal Law § 155.00 [5]). The court is aware of the “warning” of the Court of Appeals that even though a Penal Law section does not contain a definition of a word, courts are unauthorized to use the definition of the same word contained in a different Penal Law section (People v Hernandez, 98 NY2d 175, 181 [2002]).
In People v Munafo (50 NY2d 326 [1980]), the New York State Power Authority was granted an easement on defendant Munafo’s property over his vigorous opposition. Mr. Munafo, not satisfied with the granting of the easement, stood on his property and attempted to impede the Power Authority from exercising their easement rights. As a result, Mr. Munafo was charged with a crime “sounding” in trespass (50 NY2d at 328). The defendant was tried and convicted. The Court of Appeals, in reversing the trespass conviction, stated (at 330), “Munafo retained the ownership of the affected realty along with the underlying possessory interest * * * Informative too is the long-recognized rule that the grantee of an easement may not maintain an action in trespass against the grantor, the person with the superior right of possession.” (Emphasis supplied.) It appears that the Court of Appeals in Munafo focused on the “possessory” interest of the defendant Munafo, and not his ownership. Thus, the Court of Appeals seems to have adopted the “superior possessory right” definition of owner. This court notes that throughout other parts of the Munafo decision, the Court continued to use the term owner but with quotation marks (at 330). The court has found no other New York decision discussing burglary or criminal trespass that even mentions possessory rights. The term used by the courts is “owner.”
Other Jurisdictions
With the exception of the highest court in Illinois (People v Reid, 179 Ill 2d 297, 688 NE2d 1156 [1997]), all other courts have ruled that where a court issues a protective order prohibiting a person from entering premises owned by or in which the defendant has a proprietary interest, such person may be convicted of burglary for the unlawful entry onto such property notwithstanding such individual’s ownership or proprietary rights (State v Suarez-Mesa, 662 So 2d 735 [Fla 1995]; Turner v Commonwealth of Virginia, 33 Va App 88, 93-95, 531 *650 SE2d 619, 621-622 [2000]; Commonwealth of Pennsylvania v Majeed, 548 Pa 48, 52-56, 694 A2d 336, 338-340 [1997]; State v Herrin, 6 Ohio App 3d 68, 69-70, 453 NE2d 1104, 1106-1107 [1982]; State v Peck, 539 NW2d 170, 173 [Iowa 1995]; State v Evenson, 554 NW2d 409, 411-412 [Minn 1996]; Calhoun v State, 1991 Okla CR 112, 820 P2d 819, 821-822 [1991]; People v Szpara, 196 Mich App 270, 271-274, 492 NW2d 804, 805-806 [1992]; People v Williams, 222 Ill App 3d 129, 582 NE2d 1158, 1163 [1991]).[2]
In Illinois, the burglary statute requires that the unlawful entry be upon premises owned by “another.” The highest court of Illinois has ruled that, in spite of a court order not to enter a particular location, if a person having a proprietary interest enters such a place, the individual cannot be guilty of burglary because the premises are not that of “another” (People v Reid, 179 Ill 2d 297, 688 NE2d 1156 [1997]; opposite People v Williams, 222 Ill App 3d 129, 582 NE2d 1158, 1163 [1991]). New York does not have as an element of burglary or criminal trespass a requirement that the premises be owned by another.
The overwhelming majority of cases hold the opposite. There are two general theories why a person can commit a burglary in spite of ownership rights in a location when a court order prohibits entry onto such location. The first rationale is that burglary is a crime against habitation. As such, the burglary statutes were enacted to protect the occupant, dweller or possessor of real property (Turner, 33 Va App at 93-95, 531 SE2d at 621-622; Majeed, 548 Pa at 52-56, 694 A2d at 338-340; Calhoun, 1991 Okla CR 112, 820 P2d at 821-822).[3] Since burglary is focused on the safety of an occupant, dweller or possessor, ownership rights are irrelevant (id.).
New York has long ago held that the purpose of the burglary statutes was to protect habitation rights (Rodgers v People, 86 NY 360, 363 [1881]). In New York the security of an occupant, dweller or possessor is paramount under the burglary statute (Quinn v New York, 71 NY 561, 570, 573 [1878]). The rationale of Turner (33 Va App at 93-95, 531 SE2d at 621-622), Majeed (548 Pa at 52-56, 694 A2d at 338-340) and Calhoun (1991 Okla *651 CR 112, 820 P2d 819, 821-822 [1991]) is equally applicable to New York.
The second rationale is that a protective order takes away the ownership right of use and enjoyment of the real property (Szpara, 196 Mich App at 271-274, 492 NW2d at 805-806; Williams, 222 Ill App 3d 129, 582 NE2d at 1163; Peck, 539 NW2d at 173 [Iowa]; Suarez-Mesa, 662 So 2d at 736 [Fla]). Because the court order revoked the owner’s privilege or right to enter the property, any such entry is illegal and constitutes the crime of burglary or trespass (id.).
New York has also recognized that an order of protection acts as a taking away of ownership or proprietary rights (People v Koertge, 182 Misc 2d 183, 185 [1998]; People v Forman, 145 Misc 2d 115, 121 [1989]; People v Derisi, 110 Misc 2d 718, 718-719 [1981]). This second rationale is applicable to New York.
Some courts adopt both rationales (Calhoun, 1991 Okla CR 112, 820 P2d at 821-822; Evenson, 554 NW2d at 411-412 [Minn]).
Since both rationales are applicable in New York, this court adopts them both and rules that a person with a proprietary interest in a premises can commit a burglary or trespass on such property where there exists a valid court order prohibiting such person from entering the location.
This holding is supported by the cases of People v Mensah (198 AD2d 91 [1993]) and People v Woodson (176 AD2d 186 [1991]). In both of those cases, the Court ruled that a landlord can be convicted of burglary in a tenant’s property. Clearly, a landlord has legal title to the tenant’s apartment. The tenant is a legal occupant of the property. It appears that a person having legal ownership of a property can be convicted of a burglary crime in New York.
The court holds that, under the circumstances of this case, the defendant, notwithstanding that he is the lessee of the apartment, can be convicted of burglary.
The motion to dismiss counts one through six is denied.

. Since neither party denies the facts submitted by the other, they are deemed to be admitted (see People v Ladson, 85 NY2d 926, 927-928 [1995]; People v Gruden, 42 NY2d 214, 216 [1977]).

. This court is aware, as stated above, that the highest court of Illinois disagrees with this lower appellate decision. This court is not bound by the Illinois highest court’s decision and finds all the cases cited above persuasive.

. This is the theory of many other court decisions ruling that a person can be convicted of burglary for entering an estranged spouse’s or lover’s premises even without a court order of protection (see cases cited in the section entitled other jurisdiction).