**STATE of Minnesota, Respondent,**

v.

**Randall Dean EVENSON, Appellant.**

No. C3–95–2572.

Court of Appeals of Minnesota.

Sept. 24, 1996.

Hubert H. Humphrey III, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, Julius E. Gernes, Winona County Attorney, Winona, for Respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, for Appellant.

Considered and decided by LANSING, P.J., and KALITOWSKI and WILLIS, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Randall Dean Evenson argues: (1) he cannot be convicted of burglarizing his own house, and (2) the district court abused its discretion by imposing the presumptive sentence instead of granting a downward dispositional departure.

## FACTS

On April 12, 1995, the district court granted an ex parte order for protection in favor of A.E., who planned to divorce Evenson. A sheriff's deputy served Evenson with the order which required him to immediately vacate the marital home and not return for any reason. Evenson became extremely upset and initially refused to leave. The deputy called in another deputy as backup. Together, the deputies explained the terms of the order and required Evenson to turn over his house keys and all guns. Evenson said he did not know the location of his guns, but his daughter led the deputies to a rifle and a BB gun. Evenson and the deputies both left the home, but Evenson returned minutes later to retrieve his shotgun and keys.

On the morning of April 29, 1995, A.E. returned home to find Evenson pointing his shotgun at her. A.E. ran to the telephone to dial 911, but Evenson pulled the phone from the wall. Evenson terrorized A.E. for the next hour and 45 minutes. He ripped A.E.'s sweater, squeezed her face, hit her face with his casted hand, and pointed the gun at her crotch. Later, A.E. attempted to push the gun away from her face and cut her hand on the barrel. When A.E. broke free and ran screaming and crying onto the front porch, Evenson dragged her back in by her hair. Evenson then crinkled up the order for protection and rubbed it in A.E.'s face. A.E. broke free again, but Evenson told her he'd shoot her in the back. Evenson forced A.E.

into the basement and fired a shotgun slug into the ceiling. A.E. later escaped, and Evenson held police at bay for six hours.

The state charged Evenson with 16 counts, including 3 counts of burglary. Following trial, the jury found Evenson guilty of 12 of the 16 counts, including the burglary counts. At sentencing, Evenson moved the court for a downward departure, while the state moved for an upward departure. The court denied both motions and adjudicated Evenson guilty of first-degree burglary, second-degree assault, and kidnapping. The court imposed concurrent, executed sentences as follows: 51 months for first-degree burglary, 36 months for second-degree assault, and 36 months for kidnapping. This appeal follows.

### ISSUES

1. Can Evenson be convicted of burglarizing his own home?

2. Did the district court abuse its discretion in refusing to grant a downward dispositional departure to Evenson?

### ANALYSIS

#### I.

Penal statutes are strictly construed. *State v. Soto,* 378 N.W.2d 625, 627 (Minn. 1985). Burglary in the first degree is defined as

> [w]hoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, commits burglary in the first degree * * * if: (a) the building is a dwelling and another person not an accomplice is present in it; * * * or (c) the burglar assaults a person within the building * * *.

Minn.Stat. § 609.582, subd. 1 (1994). The necessary element of "enters a building without consent" is defined as "to enter a building without the consent of the person *in lawful possession.*" Minn.Stat. § 609.581, subd. 4 (1994) (emphasis added).

Evenson does not challenge the validity of the order for protection. Rather, he contends he cannot be guilty of burglary because the order for protection did not divest his ownership interest in the home. The district court, in rejecting this argument, reasoned that an order for protection does not affect ownership but does, at least temporarily, affect lawful possession.

No reported Minnesota case has defined "lawful possession" under the burglary statute. Further, no reported case has addressed the more specific issue of whether an order for protection divests a person with an ownership interest of "lawful possession" such that a burglary conviction can be sustained.

■ Under the canons of construction, "[w]ords and phrases are construed according to rules of grammar and according to their common and approved usage * * *." Minn.Stat. § 645.08(1) (1994). The word "possession" is defined in the dictionary as "[a]ctual holding or occupancy with or without rightful ownership." *American Heritage Dictionary* 1413 (3d Ed.1992). Thus, lawful possession does not require actual title or ownership rights.

Several jurisdictions have addressed this issue. Courts have consistently held that because burglary is a crime against habitation, a protective order divests the right to lawful possession without regard to actual ownership such that a burglary conviction will be sustained. *See People v. Williams,* 222 Ill.App.3d 129, 164 Ill.Dec. 214, 219, 582 N.E.2d 1158, 1163 (1991) (husband's burglary conviction upheld despite his ownership interest in home because wife had exclusive right to possess based on a protective order); *People v. Szpara,* 196 Mich.App. 270, 492 N.W.2d 804, 805–06 (1992), *appeal denied,* 442 Mich. 878, 500 N.W.2d 476 (1993) (husband's conviction for breaking and entering upheld despite his ownership interest in home because a court order prohibited husband from entering home); *Calhoun v. State,* 820 P.2d 819, 821 (Okla.Crim.App.1991) (burglary conviction of husband upheld despite his ownership interest in home because protective order requiring husband to leave residence divested right to lawful possession); *In re Davis,* 542 S.W.2d 192, 195–96 (Tex.Cr. App.1976) (husband's burglary conviction upheld despite his ownership interest in home

because court order granted wife a greater right to possession).

■ We conclude "lawful possession" under the burglary statute is defined without regard to ownership. Instead, the focus is on the distinct legal right to possess. An order for protection can affect the right to possess. Although the order for protection did not affect Evenson's ownership interest, it deprived Evenson of "lawful possession." Accordingly, we affirm Evenson's burglary conviction.

■ Evenson, in a related argument, contends it is fundamentally unfair to convict him of felony burglary when the order for protection specifies that violation of the order is a misdemeanor offense. The supreme court, however, has held:

> [A]bsent legislative intent to the contrary and absent discrimination against a particular class of defendants, the prosecutor may prosecute under any statute that the defendant's acts violate without regard to the penalty.

*State v. Chryst,* 320 N.W.2d 721, 722–23 (Minn.1982). We conclude the fact that Evenson's actions also violate an order for protection does not preclude a burglary prosecution.

## II.

■ The decision to depart from the sentencing guidelines rests within the district court's discretion and will not be reversed absent a clear abuse of that discretion. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). This court has explained that

> [a]n appellate court will not generally review the trial court's exercise of its discretion in cases where the sentence imposed is within the presumptive range.

*State v. Witucki,* 420 N.W.2d 217, 223 (Minn. App.1988) (quoting *State v. Starnes,* 396 N.W.2d 676, 681 (Minn.App.1986)), *review denied* (Minn. Apr. 15, 1988).

■ The court shall utilize the presumptive sentence as provided in the sentencing guidelines unless the individual case involves "substantial and compelling" circumstances. Minn. Sent. Guidelines II.D. Only in a "rare" case will a reviewing court reverse a

district court's imposition of the presumptive sentence. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). Even where grounds exist justifying departure, an appellate court will not ordinarily interfere with the imposition of the presumptive sentence. *State v. Back,* 341 N.W.2d 273, 275 (Minn.1983).

Evenson argues the court abused its discretion by imposing an executed jail sentence instead of probation and counseling. Evenson contends he is exceptionally amenable to treatment. Evenson's family submitted several letters requesting the court to impose only probation so that Evenson could receive counseling and treatment for alcohol and drug dependency. The victim, A.E., also submitted a letter urging leniency.

■ The district court concluded no substantial and compelling reasons exist to justify a downward departure. Our review of the record reveals nothing to indicate this is a rare case requiring reversal of a court's imposition of a presumptive sentence. Even assuming Evenson is exceptionally amenable to treatment, his amenability does not dictate the result. *See State v. Wall,* 343 N.W.2d 22, 25 (Minn.1984) (existence of a mitigating factor does not obligate court to order probation or impose a shorter sentence); *State v. Brusven,* 327 N.W.2d 591, 593 (Minn.1982) (even where evidence indicates a defendant is particularly amenable to treatment in a probationary setting, a reviewing court generally will not disturb imposition of presumptive sentence). As the court noted, Evenson can seek behavior and alcohol counseling in prison. Further, as the court reasoned:

> [T]his decision is not dictated by the undeniable needs of [Evenson], nor will this disposition be dictated by the present attitude of family members, including the very victim herself. * * * This is not a civil case that will be resolved simply by dealing with the conflicts and relationships that are within the family or within the circle of people who were involved in the immediate offense. [Evenson] has committed crimes, egregious crimes, committed in an egregious manner against the peace and dignity of the state of Minnesota * * *.

We conclude the district court did not abuse its discretion.

**DECISION**

The district court properly convicted Evenson of burglary because the order for protection deprived Evenson of his right to lawful possession. The court did not abuse its discretion in imposing the presumptive sentence.

**Affirmed.**