STATE of Minnesota, Respondent,

v.

Paul P. SPENCE, Appellant.

No. A06–1541.

Court of Appeals of Minnesota.

Dec. 11, 2007.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, and Robert C. O'Connor, Jackson County Courthouse, Jackson, MN, for respondent.

John M. Stuart, State Public Defender, Benjamin Jon Butler, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; SHUMAKER, Judge; and HUSPENI, Judge.*

## OPINION

KLAPHAKE, Judge.

Appellant was convicted of first-degree burglary and gross misdemeanor domestic assault for entering a home in which he was a co-owner to assault the other co-owner, with whom he had formerly cohabited. Appellant claims that he could not be charged with burglary because he was in lawful possession of the home at the time of the offense. He also claims that the identification evidence was insufficient to support the convictions. We reverse the burglary convictions, affirm the domestic assault conviction, and remand for re-sentencing.

## FACTS

Appellant Paul Spence and A.S. began cohabiting in 1993. The couple had three children together, and their Lakefield household also included two of A.S.'s children from a prior relationship. They co-owned their home.

Appellant moved out of the home in 2004 when the couple split, but he continued to visit the children, provide for them financially, and make house mortgage payments. On April 26, 2004, the couple argued, and appellant grabbed A.S. by her chin and made a mark on her face. That day, A.S. got an order for protection against appellant, which she later withdrew.

Appellant moved into an apartment one block from the home. In early January 2005, the couple disputed whether A.S. should relinquish her interest in the home because she had been contributing less to the monthly mortgage payments and had made no contribution to the December 2004 mortgage payment. On January 13, 2005, appellant and A.S. had another argument, and A.S. and her daughter both testified that appellant told A.S. to "get out of the house." A.S.'s daughter testified that appellant also said, "or else."

In the early morning hours of January 14, A.S. heard a noise inside the home and when she went to investigate, she was grabbed by the hair from behind by an intruder. The intruder pushed her to the floor, abrading her cheek on the carpet, and according to A.S., said, "Don't [f—k]

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

with me." A.S. testified that she recognized the intruder's voice as appellant's, stating, "[T]here was no doubt in my mind it was him." She also testified that her 18–month–old son, who had come upon the scene, said, "[M]y daddy is naughty."

Appellant was charged with two counts of first-degree burglary under Minn.Stat. § 609.582, subd. 1(a), (c) (2004), and one count of gross misdemeanor domestic assault under Minn.Stat. § 609.2242, subd. 2 (2004). At trial, he testified that he was watching television in his apartment at the time of the offense. His version of the facts was corroborated by a neighbor who heard appellant come home from work at about 2:00 a.m. and who testified that he would have heard appellant leave after that, but he did not.

Appellant was convicted on all three counts. At sentencing, the district court denied appellant's motion for a downward dispositional departure and imposed the 48–month presumptive sentence for first-degree burglary.

## ISSUES

1. May appellant be charged with burglarizing a home that he co-owned and formerly resided in with the victim when no court order excluded him from lawful possession of the home?

2. Did the district court err in finding evidence of identity sufficient to support appellant's convictions?

## ANALYSIS

### I.

■ "Construction of a criminal statute is a question of law subject to de novo review." *State v. Colvin*, 645 N.W.2d 449, 452 (Minn.2002). Courts apply strict construction to penal statutes, and such statutes "may not be interpreted to create criminal offenses that the legislature did not contemplate." *Id.*

First-degree burglary is defined as entering an occupied dwelling without consent and with intent to commit a crime, or entering an occupied dwelling without consent and committing an assault while in the building. Minn.Stat. § 609.582, subd. 1(a), (c) (2004). "Enters a building without consent" is defined as "to enter a building without the consent of the person in lawful possession[.]" Minn.Stat. § 609.581, subd. 4(a) (2004).

In *State v. Evenson*, 554 N.W.2d 409, 411 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996), this court construed "lawful possession" to mean "actual holding or occupancy with or without rightful ownership" and held that a man who owned a home, but was excluded from residing in it by an order for protection, committed burglary by entering the home to assault his wife. *Id.* at 412. The *Evenson* court declined to narrowly define "lawful possession" solely with regard to legal ownership, but instead focused on "the distinct legal right to possess." *Id.* Because an order for protection "deprived Evenson of 'lawful possession[,]' " this court concluded that he did not have the legal right to possess the home and affirmed his burglary conviction. *Id.*

■ The question in this case is whether appellant's tacit agreement with A.S. to vacate the home and other facts indicating that she was in sole possession of the home at the time of the offense, without more, are sufficient to show that appellant was not in lawful possession of the home at the time he entered it and assaulted A.S. No reported Minnesota case has addressed this issue. Minnesota courts recognize that people have a reasonable expectation of privacy in their homes, and for sentencing purposes "unauthorized entry into residential dwellings [is] viewed more serious-

ly than entry into commercial or industrial buildings." *State v. Pierson,* 368 N.W.2d 427, 436 (Minn.App.1985).

But we decline to extend *Evenson* to a fact situation where the purported burglar is a homeowner who has the legal right to enter the home. The record evidence here shows that in addition to owning the home, appellant retained a key to the home, made visits there to pick up the children, and was not excluded from the property or habitation there by a valid court order. On these facts, the evidence demonstrates that he was not dispossessed of his lawful right to enter the home. *See, e.g., People v. Gauze,* 15 Cal.3d 709, 125 Cal.Rptr. 773, 542 P.2d 1365, 1369 (1975) (ruling that roommate could not be convicted of burglarizing his own apartment); *State v. Altamirano,* 166 Ariz. 432, 803 P.2d 425, 429–30 (1990) (ruling that person could not be convicted of burglarizing his own home). We decline to extend the ruling in *Evenson* to allow appellant to be charged with burglary of a home in which he had the right of lawful possession, when no court order divested him of that right. We therefore vacate appellant's burglary conviction and remand for resentencing on the domestic assault conviction.[1]

## II.

Appellant next claims that A.S.'s testimony that she recognized his voice during her assault is insufficient to identify him as the person who assaulted her. An appellate court's review of a claim of insufficiency of the evidence "extends no further than to make a painstaking review of the record to determine whether the evidence, direct and circumstantial, viewed most favorably to support a finding of guilt, is sufficient to permit the jury to reach that conclusion." *State v. Mems,* 708 N.W.2d 526, 531–32 (Minn.2006) (quotation omitted). The jury determines witness credibility and "the weight to be given a witness's testimony," and the jury may "accept part and reject part of a witness's testimony." *Id.* at 531. "Inconsistencies or conflicts between one witness and another do not necessarily constitute false testimony or serve as a basis for reversal." *Id.; see State v. Gomez,* 721 N.W.2d 871, 883 (Minn.2006) ("It is not the province of [the appellate] court to reconcile conflicting evidence").

A victim's identification of her assailant's voice is "direct evidence sufficient to present a fact question for the jury." *State v. Otten,* 292 Minn. 493, 494, 195 N.W.2d 590, 591 (1972); *see Sauber v. Northland Ins. Co.,* 251 Minn. 237, 243, 87 N.W.2d 591, 596 (1958) (allowing voice identification to establish the identity of a telephone caller). Like any other identification evidence, voice identification evidence is typically a matter of credibility properly left for the jury to decide. *State v. Doppler,* 590 N.W.2d 627, 635 (Minn. 1999). Here, A.S. identified with certainty that the voice of her assailant was appellant's. This evidence was sufficient to permit the jury to find that appellant was A.S.'s assailant.

Appellant argues that because he had a strong alibi and because A.S.'s identification was uncorroborated and she was inconsistent in her testimony on other points, this court should find her identification testimony insufficient. As to appellant's alibi, while he could account for him-

---

1. As noted by the Minnesota Supreme Court in *State v. Colvin,* 645 N.W.2d 449, 455 (Minn.2002), domestic abuse is a "serious problem," but part of its statutory scheme for "ratcheting up the penalties for repeat viola-tions" is premised on victims obtaining orders for protection. To gain the protections against domestic abuse based on unauthorized entry, we encourage potential victims to obtain orders for protection.

self after 2:00 a.m., the jury could have either disbelieved this testimony or believed that appellant entered A.S.'s home after he left work at 1:30 a.m. but before he went to his apartment. The assault took only a few minutes, according to A.S., and appellant lived only one block from the family home. Further, A.S.'s testimony was corroborated by the unobjected-to, out-of-court statement from her son, who observed the assault and said, "[M]y Daddy is naughty."

Appellant further attempts to offer other reasons to discredit A.S., including her failure to remember an earlier burglary and alleged inconsistencies in her testimony, particularly her testimony about how the assault occurred. Viewed in the context of her whole testimony, any inaccuracies are minor and irrelevant to the issues of this case, and inconsistencies appear to be constructed by appellant by taking A.S.'s testimony out of context or time, rather than true inconsistencies. We conclude that the identification evidence was sufficient to support appellant's domestic assault conviction.[2]

## DECISION

We affirm appellant's domestic assault conviction, reverse appellant's burglary convictions, and remand for resentencing.

**Affirmed in part, reversed in part, and remanded.**

---

2. Appellant also challenges his sentence, claiming that the district court abused its discretion by declining to impose a downward dispositional departure and sentence him to treatment rather than an executed prison term. Because we vacated the burglary conviction on which this sentence was based, we decline to address this issue.