*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1680**

State of Minnesota,
Respondent,

vs.

Gary Michael Veesenmeyer-Trojanowski,
Appellant

**Filed July 7, 2014
Affirmed
Worke, Judge**

Ramsey County District Court
File No. 62-CR-13-290

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie M. Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Worke, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges the district court's denial of his motion for a dispositional departure, arguing that the district court failed to consider mitigating factors before denying the motion and imposing the presumptive sentence. We affirm.

**D E C I S I O N**

Appellant Gary Michael Veesenmeyer-Trojanowski entered a *Norgaard* plea[1] to first-degree assault (great bodily harm), claiming that he could not recall assaulting his girlfriend, L.H., because he was intoxicated. The district court denied Veesenmeyer-Trojanowski's motion for a probationary sentence and imposed the presumptive sentence of 110 months in prison. Veesenmeyer-Trojanowski argues that the district court failed to consider factors that weigh in favor of probation.

The district court must order the presumptive sentence unless "identifiable, substantial, and compelling circumstances" justify a downward departure. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). We review a district court's decision to deny a departure from the presumptive sentence for an abuse of discretion. *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003). We will reverse imposition of the presumptive sentence only in rare cases. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981); *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010) (stating that this court will modify a presumptive sentence only in a "rare case" with "compelling circumstances"), *review denied* (Minn. July 20, 2010).

When a district court contemplates the appropriateness of a probationary sentence it considers the defendant as an individual and "whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983).

---

[1] In a *Norgaard* plea, a "defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009).

2

Factors that may show that a defendant is amenable to probation include: "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). But amenability to probation is not dispositive, and we generally will not reverse a district court's decision to deny probation to even an "exceptionally amenable" defendant. *State v. Evenson*, 554 N.W.2d 409, 412 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996). Further, a district court is not required to address the *Trog* factors in detail or explain its reasons before imposing the presumptive sentence. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985) (stating that the district court is not required to explain its decision to deny a departure request or its reasons for imposing the presumptive sentence, provided it considers the factors that weigh in favor of a departure).

Thus, a district court is not obligated to depart from the presumptive sentence even if mitigating factors are present. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984); *see State v. Jackson*, 749 N.W.2d 353, 360 (Minn. 2008) (stating that if mitigating factors are shown, district court may, but is not required to, depart); *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (affirming denial of a request for departure despite defendant's argument that *Trog* factors were present); *Pegel*, 795 N.W.2d at 253-54 (stating that the mere existence of mitigating factors does not require the district court to place a defendant on probation). But a district court must "deliberately consider[] circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). We will "not interfere with the [district] court's exercise

3

of discretion, as long as the record shows the [district] court carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quoting *Van Ruler*, 378 N.W.2d at 80-81). We will remand if the district court failed to exercise its discretion by not deliberately considering any factors that may support departure. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984).

Veesenmeyer-Trojanowski argues that he should have been sentenced to probation because: (1) he was 24 years old at the time of the offense; (2) he has no prior felonies; (3) he can succeed in community chemical-dependency and anger-management programs; (4) he was too intoxicated to recall the incident, but has taken steps to maintain sobriety; (5) the conduct was less serious than a typical first-degree assault; (6) he was "profoundly remorseful"; (7) he cooperated throughout the process; and (8) he has support from his family, friends, and coworkers. But even if these facts would generally weigh in favor of probation, they do not mandate it. *See Wall*, 343 N.W.2d at 25 (holding that mitigating factors do not require departure); *see also Bertsch*, 707 N.W.2d at 668 (affirming denial of a departure motion despite defendant's argument that *Trog* factors were present). More importantly, Veesenmeyer-Trojanowski's argument does not present the entire picture.

It is true that Veesenmeyer-Trojanowski was 24 years old at the time of the offense and that he has no prior felony convictions. However, a presentence investigation (PSI) noted that, while no mitigating factors existed, this offense was aggravated because Veesenmeyer-Trojanowski has two domestic-assault convictions involving the same victim. The PSI detailed Veesenmeyer-Trojanowski's conduct in

4

those two incidents. During the first assault, he "threw" L.H. around her apartment; slapped her, causing a cut on her mouth; strangled her, leaving red marks on her neck and shoulders; and punched her in the eye, causing bruising and swelling. During the second assault, Veesenmeyer-Trojanowski pushed L.H. to the ground; pushed her into a wall; grabbed the back of her neck and pretended to push her over a balcony; tackled her into a wall, cracking the sheetrock; and struck her face numerous times. The prosecutor argued that Veesenmeyer-Trojanowski's aggression was "accelerating and increasing to an extremely dangerous level." The district court stated: "[T]hat's what it comes down to for me in making my decision here. I don't find that you're particularly amenable to probation at this point. But more importantly, I think you're a public safety risk."

Veesenmeyer-Trojanowski argues that he is capable of succeeding in community programs and has taken steps to maintain sobriety. The district court acknowledged Veesenmeyer-Trojanowski's success in treating his chemical dependency, but stated: "[I]t's not just the drinking problem here, sir. It's something else. Something that turns you into a violent person." And the PSI indicated that Veesenmeyer-Trojanowski had previously been on probation, but it was revoked when he failed to complete chemical-dependency and domestic-abuse programming.

Veesenmeyer-Trojanowski also claims that the conduct was less serious than a typical first-degree assault. But the record shows that Veesenmeyer-Trojanowski diminishes the severity of his conduct. This is especially true because L.H. is a vulnerable adult, which the PSI noted aggravated this offense. Veesenmeyer-Trojanowski repeatedly punched L.H. in the face and kicked her face and ribs. L.H. suffered

5

permanent damage to two of her front teeth, had a laceration on her ear, and suffered a concussion. She had surgery on her mouth that cost thousands of dollars. And she told the district court in her victim-impact statement that her mouth and appearance are forever changed. She has to wear false teeth on a retainer, which restricts her ability to talk and hinders her ability to eat. The district court did not consider this to be a "less serious" assault when stating:

> I was particularly struck by [L.H.'s] statement . . . that 'the fact that someone I loved left me on the ground bleeding and unconscious could say that to me baffles me. And he shows me he learned nothing from the last time he went through this.'
>      . . . .
>      I don't think that you've come to grips with what it is about you that causes you to act the way you act towards people that you supposedly care about. The fact that you were able to accomplish this. To kick her, knock her teeth out the way you did. It's not just the alcohol, it's something else.

Veesenmeyer-Trojanowski claims that he was "profoundly remorseful." But he stated: "I can't say sorry. That ain't going to change anything that's happened. I go every day not remembering the incident, but feeling just terribly bad about it." The district court did not find his remorse to be genuine, stating: "[S]orry would have been a good first step. Apologizing to [L.H.] for what happened to her would have been a good step."

The record supports Veesenmeyer-Trojanowski's claims that he cooperated with the PSI and has a network of support.

Veesenmeyer-Trojanowski argues that the district court abused its discretion by failing to compare reasons for and against departure before summarily denying the

6

motion.  Even though the district court is not required to explain its decision to deny a request for a departure, the record shows that the district court understood its obligation to consider the circumstances for and against a departure and exercised its discretion in denying the motion.  The district court reviewed all of the materials and arguments relevant to deciding the issue.  The district court stated: "[Y]our attorney's done a fine job in making a case to support the motion. . . . But she probably told you that it's tough to obtain a departure from the guidelines absent some real significant mitigating factors."

The district court considered the evidence and arguments and acted within its discretion when it denied the motion for a downward departure and imposed the presumptive sentence.

**Affirmed.**